UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. Lopez,<br><br>                     Plaintiff,<br><br>v.<br><br>San Marcos Unified School District,<br><br>                     Defendant. | Case No.: 18-cv-2019-WQH-JMA<br><br>**ORDER** |

HAYES, Judge:

On August 29, 2018, Plaintiff P. Lopez initiated this action by filing a Petition for Attorney Fees and Costs (ECF No. 1) (the "Petition") and an Amended Motion to Proceed in Forma Pauperis ("IFP") (ECF No. 5).

**I.** *IFP*

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The declaration filed by P. Lopez states "I am unable to pay the fees of this proceeding." (ECF No. 5 at 1). Lopez's only income is $1,272 a month in "state [d]isability," which Lopez uses to support three children and a spouse. *Id.* at 2–3. Lopez's four dependents are entirely dependent on Lopez's income. *Id.* at 3. Lopez's monthly expenses include bills for water, electricity, telephone and cable services. *Id.* Lopez

controls a bank account with a balance of $50.00, and apart from a 2002 Dodge Grand Caravan, Lopez has no other assets of value. *Id.* at 2–3. Lopez's Motion to Proceed *IFP* (ECF No. 5) is GRANTED.

**II.  Initial Screening**

A complaint filed by any person proceeding *IFP* pursuant to 28 U.S.C. § 1915(a) is subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). This screening standard applies to all civil actions filed by plaintiffs proceeding *IFP*. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

The standard used to evaluate whether a complaint states a claim is a liberal one. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Federal Rule of Civil Procedure 8(a)(2) provides "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Plaintiff, the parent and guardian of disabled minor E.L., sought certain special education assessments and services for E.L. from Defendant San Marcos Unified School District. (ECF No. 1 at 2). In February and March 2018, pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1415 (2006) ("IDEA"), a due process hearing was held in front of an Administrative Law Judge regarding the requested special education assessments and services. (ECF No. 1 at 2). On April 26, 2018, the Administrative Law

Judge found in favor of Plaintiff on "Issue 3", one of 9 issues considered by the Administrative Law Judge. (ECF No. 1-2 at 52). The Administrative Law Judge ordered the Defendant to provide certain independent psycho-educational and behavioral evaluations to E.L., as well as the assistance of a behavioral-analysis trained staff member for all hours E.L. attends preschool. *Id.* at 51–52. Plaintiff brings this action to recover attorneys' fees arising from that administrative hearing. *Id.* at 1.

Under IDEA, a Court "in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). Attorneys' fees incurred during administrative hearings are available under IDEA. *Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell*, 940 F.2d 1280, 1284 (9th Cir. 1991) ("[t]he clear language of section 1415(e)(4)(B) contemplates an award of attorneys' fees at the administrative level.").

Plaintiff contends that Plaintiff is entitled to recover reasonable attorneys' fees because "[s]tudent was the prevailing party at the administrative level . . . because she prevailed on issue 3," providing Plaintiff with "the majority of remedies she sought in the case." (ECF No. 1 at 3).

Upon review, the Court concludes that the Petition adequately states a claim for purposes of the sua sponte screening required under 28 U.S.C. § 1915(e). Plaintiff is therefore entitled to U.S. Marshal service on Plaintiff's behalf. *See Lopez*, 203 F.3d at 1126–27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*IFP*] cases."); Fed. R. Civ. P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.").

**III. Conclusion**

The Motion to Proceed *IFP* (ECF No. 5) is GRANTED. The Clerk of the Court shall issue a summons and provide Plaintiff with the summons, certified copies of both this Order and the Petition, and a blank U.S. Marshal Form 285. Plaintiff shall complete the

1  U.S. Marshal Form 285 and forward the Form 285 and the designated copies of this Order
2  and the Petition to the U.S. Marshal.  The U.S. Marshal shall serve a copy of the Petition
3  and summons upon Defendant as directed by Plaintiff on the U.S. Marshal Form 285.

Dated: September 14, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court